IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Civil Action No. 5:15CV8
                                            (STAMP)
$580.00 IN UNITED STATES CURRENCY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**
**AND FORFEITURE JUDGMENT**

I.  Background

On January 20, 2015, the government filed a complaint for forfeiture against the defendant property, $580.00 in United States currency, which was found in the residence of Tyler Hoyle ("Hoyle"). The complaint alleges that the defendant property is subject to forfeiture because it constitutes at least one of the following: "(1) money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act." ECF No. 1. In particular, the government indicates that the defendant property was identified in the indictment regarding Hoyle and his co-defendant Amanda Allison ("Allison"). Criminal Action No. 5:13CR16. Both Hoyle and Allison previously pleaded guilty to Count One of their indictment, which

was conspiracy to possess with intent to distribute and the distribution of heroin, in violation of 21 U.S.C. §§ 841 and 846. The defendant currency was discovered during a search of Hoyle's residence in connection with that criminal action.

After filing its complaint, the government then sent by certified mail notices of this forfeiture action to both Hoyle and Allison. The government then filed a declaration of publication, in which it states that notice of civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on January 30, 2013, as required by Rule G(4)(a)(iii) and (iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ECF No. 3.

At issue now is the government's motion for summary judgment. In support of its motion for summary judgment, the government contends that the deadline to file a verified claim by a person who received direct notice of the forfeiture action, here Hoyle and Allison, was March 5, 2015, and that neither person filed such a claim. See Rule G(4)(b)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Regarding persons that were not directly notified of the forfeiture action, the government states that the deadline to file a verified claim by such person was March 30, 2015, and that no such claim was filed. See Rule G(5)(a)(ii)(B) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (stating that a person who was not sent direct notice of forfeiture must file a claim no later than sixty (60) days after the first day of publication on an official internet government forfeiture site). According to the government, the filing of new claims in this case is now time barred. The government avers that the failure of anyone to file a verified claim precludes statutory standing to object to the forfeiture of the defendant property and predicates the entry of a default judgment. Accordingly, the government asserts that it is entitled to a summary judgment ordering forfeiture of the defendant property.

This Court then entered an order advising Hoyle and Allison of their right to file responsive material to this motion and to alert them to the fact that a failure to respond may result in the entry of a judgment against them. ECF No. 5. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). No response was filed to the government's motion for summary judgment.

## II. Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

3

party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, despite receiving notice of the forfeiture claim by certified mail, Hoyle failed to respond to the government's forfeiture claim. However, Hoyle's failure to file a response does not relieve the government from the burden imposed upon the moving party. See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir.1993). The court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those

4

facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

This Court finds that there is no genuine dispute concerning the material facts alleged in the government's motion for summary judgment. See Celotex, 477 U.S. at 322-23. The government has shown that it has complied with the requirements of forfeiture under federal law. As Hoyle and Allison were notified about the forfeiture claim, this Court finds that they had an opportunity to object to the government's motion and to the forfeiture. Thus, the uncontroverted facts entitle the government to a judgment as a matter of law. Accordingly, the government's motion for summary judgment is GRANTED.

### III. Conclusion

Based on the reasons set forth above, the government's motion for summary judgment is GRANTED. The defendant, $580.00 in United States currency is ORDERED forfeited to the United States. Further, the United States Marshals Service is DIRECTED to dispose of the defendant property in accordance with the law. In addition, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     May 29, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE